UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                        Case No. 15-57796

DEBRA ANN FLOWERS,                                            Chapter 7

        Debtor.                                       Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

This case is before the Court on the Debtor's motion entitled "Debtor's Motion for Reconsideration/Rehearing on Trustee's Objection to Claim of Exemption" (Docket 41, the "Motion for Reconsideration"). The Motion for Reconsideration seeks reconsideration of, and relief from, the Court's order entitled "Order Granting Trustee's Objection to Debtor's Amended Claim of Exemption," filed on September 7, 2016 (Docket # 37, the "September 7 Order"). The September 7 Order sustained the Trustee's objection to the Debtor's amended claim of exemption, under 11 U.S.C. § 522(d)(12), of her interest in an account on deposit with Franklin-Templeton in the amount of $65,000; and disallowed that claimed exemption. (*See* Docket # 33, the "Debtor's Amended Claimed Exemption;" Docket # 35, the "Objection to Exemptions").

The Court ordered the Chapter 7 Trustee to file a written response to the Motion, which the Trustee did, along with a supplement to that response (Docket ## 45, 50). Having considered the Motion, the Trustee's response, and the supplement, as well as all other relevant parts of the record in this case, the Court concludes that a hearing on the Motion is not necessary, and that the Motion should be denied, for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result

from a correction thereof. *See* Local Rule 9024-1(a)(3).

Second, the Court finds that the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the September 7 Order.

Third, the Motion does not allege any excuse, explanation, or reason whatsoever, let alone an excusable reason, for the Debtor's failure to file a timely response to the Trustee's Objection to Exemptions. (The deadline for filing a response was September 1, 2016.)

Fourth, the Court concludes that the Trustee's Objection to Exemptions was timely. This is so because the transcript of the § 341 meeting of creditors held on February 11, 2016, filed on October 24, 2016, makes clear that the meeting of creditors was *not* concluded that day, but rather continued without date. (Docket # 50 at 13-14).[1] Because the § 341 meeting had not yet been concluded, the deadline for filing objections to the Debtor's claimed exemptions had not passed when the Trustee filed his Objection to Exemptions on August 15, 2016. *See* Fed. R. Bankr. P. 4003(b)(1).[2] So the Trustee's Objection to Exemptions clearly was timely.

For all of these reasons,

IT IS ORDERED that the Motion (Docket # 41) is denied.

**Signed on October 28, 2016**          /s/ Thomas J. Tucker
                                        **Thomas J. Tucker**
                                        **United States Bankruptcy Judge**

---

[1] The first meeting of creditors recently was scheduled to continue on October 27, 2016 (Notice, Docket # 47).

[2] In expressing the preliminary view, in the Court's September 21, 2016 Order (Docket # 42), that the Trustee's objection to exemptions did not appear to have been timely filed, the Court assumed that the § 341 first meeting of creditors had concluded on February 11, 2016. But this is not so, as the record now clearly shows.

2

15-57796-tjt    Doc 51    Filed 10/28/16    Entered 10/28/16 14:03:36    Page 2 of 2